```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                     3:06CV82-02-MU
```

JEFFREY L. WRIGHT,        )
    Plaintiff,            )
                     )
    v.                    )                **ORDER**
                     )
STATE OF NORTH CAROLINA;  )
  and                     )
RICK JACKSON, Supt. of    )
  Lanesboro Correctional  )
  Institution,            )
        Defendants.   )
_____)

**THIS MATTER** comes before the Court on review of the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed February 23, 2006. After careful consideration, for the reasons stated herein, the plaintiff's Complaint will be **dismissed** in its entirety.

By the instant Complaint, the plaintiff alleges that his rights were violated when "the North Carolina Supreme Court abused its discretion in dismissing [his] Complaint without comment when he colorably complained that he [had] received a Class-B life sentence when the offense[,] first degree sex offense[,] is punishable as a Class-C life sentence." In support of this Complaint, the plaintiff attached a copy of the North Carolina Supreme Court's order by which the plaintiff's so-called

"Petition for Plain Error Review Pursuant to N.C.G.S. 7A-31(b)(1)(2)(3)" was dismissed.

By way of relief, the plaintiff asks this Court to "liberally construe this pro-se petition and grant [him] any relief [to which] he is entitled." However, because it is clear that not even the most liberal construction of the instant Complaint can render the plaintiff's claim cognizable in this action, the same must be <u>dismissed</u>.

To be sure, by his Complaint, the plaintiff is seeking to challenge the propriety of the sentence he received as a result of a criminal conviction. Thus, inasmuch as that claim sounds in <u>habeas</u>, it must be dismissed because it is not cognizable in the instant civil rights action. <u>See</u> <u>Jordahl v. Democratic Party of Virginia</u>, 122 F.3d 192, 199 (4th Cir. 1997) (lower federal courts lack jurisdiction to review challenges to state court proceedings, except in appropriately filed <u>habeas</u> corpus actions).

Moreover, it is equally well-settled that the State of North Carolina is not a proper party to a civil rights action such as the one the plaintiff is attempting to bring. <u>See</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (noting that the State is not a "person" within the meaning of §1983). Similarly, the Court is aware that it is proper for petitioners to name their custodians as defendants in their properly filed <u>habeas corpus</u> actions  However, inasmuch as this is a civil

rights action, and the plaintiff has failed to set forth a single allegation against Jackson, this defendant also is entitled to a dismissal in any event.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's Complaint is **DISMISSED,** ultimately for his failure to state a constitutional claim for relief. <u>See</u> 28 U.S.C. 1915(A)(b)(1).

**SO ORDERED.**

Signed: March 2, 2006

Graham C. Mullen
United States District Judge